SLOOP LEONEDE *vs.* UNITED STATES.

A decree is final when it disposes of the whole controversy, leaving nothing for the Court to do in the cause; but when the decree shows that something remains to be done, before all the rights of the parties are determined, it is interlocutory, although it may, to a great extent, dispose of the merits of the cause.

The omission to decree costs, in admiralty, does not prevent the decree from being final. Costs resting largely in the discretion of an admiralty Court, their omission from the decree, would be presumptive, at least, that the Court did not intend to decree costs.

The mode of appeal in admiralty to our supreme Court is the same as from the United States District to the circuit court. The manner of appeal, and review specifically pointed out, and also wherein the one method differs from the other.

Appeal from the Third Judicial District.

Opinion by HEWITT, Chief Justice.

This cause comes up on appeal from a decree rendered at the regular Admiralty term, November 7th, 1861, for the Third Judicial District.   Motion to dismiss.

The transcript of the record sent up in this case is so imperfect, that it is difficult to make out a correct history of the case; but from such data as has been furnished, the following is as near as we are able to arrive at the facts:

20

It appears that on the eighth day of January, 1861, the Revenue Cutter *Jefferson Davis*, then under the command of John Mason, Jr., a Lieutenant in the revenue service of the United States, at a place near New Dunginess, and within the Admiralty and maritime jurisdiction of the Third Judicial District of Washington Territory, seized and took possession of the sloop *Leonede*, for an alleged violation of the United States Revenue law. Subsequently a libel was filed by the United States District Attorney, Butler P. Anderson, Esq., against the said sloop, her cargo, tackle, apparel and furniture, praying among other things, that monition issue, and said sloop be decreed as forfeited to the United States. Monition issued in accordance with the prayer of the libel, and the vessel and cargo was attached on the 24th day of January, 1861.

On the 22d day of January, 1861, Charles T. Allen, claiming to be part owner of the sloop, intervened on behalf of himself and the other part owners, giving stipulation for costs, signed by himself, and by C. M. Bradshaw as surety. On the 2d day of March next thereafter, it being a regular term of the Admiralty Court, the cause came on to be heard, and among other things, a decree of forfeiture and condemnation was rendered against the sloop, her tackle, apparel and furniture. A writ of *venditio exponas* issued to the Marshal, returnable on the third day of April following; upon the return of which, the clerk was ordered to distribute the proceeds according to law.

In such decree no order is made as to costs, and no appeal is taken from it. Neither has there been any petition or other proceeding for the purpose of correcting any errors contained therein. In fact nothing appears to have been done in the premises until the August term of the District Court following, at which term a motion is made by the then U. S. District Attorney, J. J. McGilvra, for a decree against Bradshaw, the surety in the stipulation for costs, or for a rule upon him to show cause by the next term of Court why execution should not issue against him for the costs remaining unpaid in the cause. Whether a rule was entered in accordance with the motion, the record does not show. But on the 7th day of November follow-

ing, it being a regular term of the Admiralty Court, the record shows that the rule was discharged, it is therefore fair to presume that such rule was entered. At the same term and on the same day, on motion of Paul K. Hubbs, acting for the U. S. District Attorney, a decree was rendered against the stipulators, Charles T. Allen and C. M. Bradshaw, for costs occasioned by the intervention, amounting to——dollars, remaining unpaid; out of the funds in the hands of the clerk of the Court, to-wit: all costs made by the United States, and the remainder; if any, to be applied in payment of costs by claimant; and further, that the stipulators, Allen and Bradshaw, pay the balance of costs caused by this intervention.

Whereupon claimant gave notice of appeal to the Supreme Court which was allowed, and it was ordered by the Court that the appeal be perfected by the first Monday in December next thereafter. On the ninth day of November aforesaid, a paper or instrument in writing was filed with the clerk of the District Court, signed by F. A. Chenoweth, proctor for claimants, purporting to be a notice of appeal, and also the appeal itself, which, after the title of the cause and notice, is in substance as follows:

"The object of this appeal is to have a review and a re-examination of the evidence by which said sloop was condemned and forfeited to the U. S., and to have a reversal of said decree of condemnation, and said defendant, a claimant, will introduce new proof in the case before the Supreme Court, and will ask said Court to reverse all the orders made in said cause against said claimants.

(Signed)                    F. A. Chenoweth,
                            *Proctor for Claimant.*

Upon appellants filing the above described instrument of writing, and without any other steps being taken by them, so far as the transcript of the record shows, certified copies of the papers in detached fragments, together with a certified copy of the journal entries, were sent up to this Court. No appeal bond was filed. And upon the case in the condition above described, we are called upon to pass judgment.

We shall discuss the merits and demerits of this case, with-

out particular reference to the points made and argued by counsel on either side.

With the proceedings prior to the decree of forfeiture and condemnation, this Court, as at present advised, has nothing to do. A question was raised, and argued at some length by counsel for appellant, as to whether that was such a decree as could have been appealed from, he taking the position that it was not, for the reason that no costs were decreed or adjudged against either party; he claimed, therefore, that the last decree, rendered on the 7th of November, was the only one from which his party could have appealed. It will therefore only be necessary, in the elucidation of this question, to ascertain what a final decree is, for from such *only* will an appeal lie. If it be in the District Court, it must be in a case where the sum in dispute, exclusive of costs, exceeds fifty dollars. Benedict's Admiralty Practice, page 319, Sec. 579; Parsons' Maritime Law, vol. 2, page 742. A decree is final when it disposes of the whole controversy, leaving nothing further for the Court to do in the cause, as where a libel is dismissed with or without costs, or there is a decree for a sum certain, with or without costs, etc. But when the decree shows that something still remains to be done by the Court before all the rights of the parties in the premises are fixed and determined, and the recovering party has an order for execution, then the decree is interlocutory, however much it may dispose of the merits of the cause. Benedict's Admiralty Practice, page 296, Sec. 542; Rules of Cir. Court, *ibid*, page 402. The decree of the Court under consideration, not only disposed of the rights of the parties in the subject matter, but also ordered execution to issue, and after sale the proceeds to be returned to the clerk, and to be by him distributed according to law. We are at a loss to discover wherein this was not a final decree. The mere fact that costs were not adjudged is not sufficient, from the fact that costs in Admiralty Courts rest almost entirely in the discretion of the Judge. His omission to decree costs, and the fact that no reference or allusion is made to them, is *prima facie* evidence, at least, that he did not *intend* to decree costs against either party.

Again. If it had appeared in the decree that any matter or question had been referred to a commissioner or the clerk, which is frequently the case, or that any other step was necessary to be taken before such decree could be executed, the decree clearly would not have been final. But as nothing of that kind appears in this case, the decree, to all intents and purposes, was final. As the record shows that no appeal was taken from that decree, we now pass to the one from which this appeal is attempted to be taken. The decree now appealed from was rendered on the 7th day of November, 1861, against Allen and Bradshaw, stipulators for costs at the time Allen intervened for himself and other part owners of the sloop before referred to. In discussing this branch of the subject, we will state briefly the proceeding or *modus operandi* of taking an appeal from the District to the Circuit Court, and it will be remembered that the Supreme Court of the Territory stands, as far as Admiralty is concerned, in the place of a United States Circuit Court.

After final decree is made in the District Court, the appellant must file a notice of appeal with the clerk of the Court rendering the decree, and have a copy served on the opposite proctor. This operates as a supersedeas until the expiration of the time allowed to file the security on appeal. (Benedict's Admiralty Practice, page 322.) This, as appears, by the papers, was done in the case under consideration.

The next proceeding is to make out and file the appeal with the clerk, signed either by the party or his proctor. It must briefly state the prayers or allegations of the parties to the suit and the proceedings in the District Court, and the decree, with the time of rendering the same. It must also state whether it is intended, on the appeal, to make new allegations, to pray different relief, or to seek a new decision on the facts, etc., a copy of which must be served on the proctor of the appellees in the Court below, and an affidavit of the due service of such copy must be filed with said appeal. Benedict, page 323; Rules of Circuit Court, No. 118 to 121, same authority, page 402.

It will be seen by reference to the record in this case, that the paper heretofore described purporting to be an appeal, con-

tains but two of the necessary requisites to constitute an appeal, and those are two that cannot be incorporated in the same proceeding, because inconsistent with each other, to wit: It starts out asking for a *review*, which can only be had on the same pleadings and proofs introduced in the Court below; in closing, it gives notice that the appellant will introduce in the Supreme Court new proof, etc., etc., which can only be done in a trial *de novo.* It would be bad, therefore, for duplicity; and all the other ingredients necessary to constitute an appeal being entirely wanting in this case, we must necessarily conclude that no appeal has been taken. Again, we may remark, it is doubtful whether an appeal would lie at all, the subject matter being, as before stated, almost entirely in the discretion of the Court; and it is a rule of Admiralty law, that an appeal cannot be taken from any decree where the subject matter is within the discretion of the Court rendering it. Upon this point, however, we do not pass any definite opinion.

In taking an appeal, the appellant must elect whether he will have a review or a trial *de novo*, and it being clear that he cannot have both in the same appeal, he will be concluded by the choice he makes. Benedict's Admiralty practice, page 324, Sec. 587.

The next important proceeding in taking an appeal from the District Court, and one that cannot be dispensed with, is the filing of an appeal bond for damages and costs. Benedict, page 322, and District Court rule 153, same authority, page 381.

No appeal bond having been filed in this case, the appeal must be held invalid on that account.

The last matter we shall notice in connection with this case, is what must be embodied in the transcript of the record to be made by the clerk of the Court below, and transmitted to this Court on an appeal. The 53d rule of the Supreme Court of the United States is so clear and explicit on this point, that it would be a work of supererogation to add a single word. The rule will be found in vol. 2 of Parsons' Maritime Law, page 763. It is only necessary to say that the record sent up in this case

is deficient in every essential particular laid down in the rule above referred to.

It is therefore, in consideration of the premises, ordered, adjudged and decreed, that the appeal be dismissed with costs, and that mandate issue to the District Court of the Third Judicial District in accordance herewith.